UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CYNTHIA A. MILLER, | ) |
| | ) No. CV-09-21-JPH |
| Plaintiff, | ) |
| | ) ORDER GRANTING DEFENDANT'S |
| v. | ) MOTION FOR SUMMARY JUDGMENT |
| | ) |
| MICHAEL J. ASTRUE, Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on August 28, 2009. (Ct. Rec. 14, 16). Attorney Maureen Rosette represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security ("Commissioner"). The parties have consented to proceed before a magistrate judge. (Ct. Rec. 8.) On August 7, 2009, Plaintiff filed a reply. (Ct. Rec. 18.) After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 16) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 14).

**JURISDICTION**

Plaintiff filed an application for supplemental security income (SSI) on May 3, 2006, alleging onset as of the application

date. (Tr. 17, 110-115.)  The application was denied initially and on reconsideration. (Tr. 65-66, 73-76.)  Administrative Law Judge (ALJ) Hayward C. Reed held a hearing on February 20, 2008.  (Tr. 27-55.)  Plaintiff, represented by counsel, and vocational expert Anne Aastum testified.  On June 11, 2008, the ALJ issued a decision finding plaintiff is not disabled. (Tr. 23.) The Appeals Council denied a request for review on December 12, 2008. (Tr. 4-8.)  Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C.

§ 405(g).  Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on January 27, 2009. (Ct. Rec. 1,4.)

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, referred to as necessary in the briefs of both plaintiff and the Commissioner, and will only be summarized here.

Plaintiff was 20 years old at the time of filing and 21 at the hearing. (Tr. 22,28.)  She has a tenth grade education. (Tr. 30-31.)  Plaintiff has never worked, lives with her mother and has no income. (Tr. 22,43-44,47.)  She alleges disability as of May 3, 2006, due to diabetes and hypothyroidism. (Tr. 65,73.)

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the "Act") defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 2 -

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 3 -

impairments, plaintiff is conclusively presumed to be disabled.
If the impairment is not one conclusively presumed to be
disabling, the evaluation proceeds to the fourth step, which
determines whether the impairment prevents plaintiff from
performing work which was performed in the past.  If a plaintiff
is able to perform previous work, that Plaintiff is deemed not
disabled.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  At
this step, plaintiff's residual functional capacity ("RFC")
assessment is considered.  If plaintiff cannot perform this work,
the fifth and final step in the process determines whether
plaintiff is able to perform other work in the national economy in
view of plaintiff's residual functional capacity, age, education
and past work experience.  20 C.F.R. §§ 404.1520(a)(4)(v),
416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish
a *prima facie* case of entitlement to disability benefits.
*Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v.
Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999).  The initial burden is
met once plaintiff establishes that a physical or mental
impairment prevents the performance of previous work.  The burden
then shifts, at step five, to the Commissioner to show that (1)
plaintiff can perform other substantial gainful activity and (2) a
"significant number of jobs exist in the national economy" which
plaintiff can perform.  *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th
Cir. 1984).

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a
Commissioner's decision.  42 U.S.C. § 405(g).  A Court must uphold

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 4 -

1 the Commissioner's decision, made through an ALJ, when the

2 determination is not based on legal error and is supported by

3 substantial evidence.  *See Jones v. Heckler*, 760 F.2d 993, 995

4 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir.

5 1999).  "The [Commissioner's] determination that a plaintiff is

6 not disabled will be upheld if the findings of fact are supported

7 by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572

8 (9th Cir. 1983) (*citing* 42 U.S.C. § 405(g)).  Substantial evidence

9 is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d

10 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance.

11 *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989);

12 *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d

13 573, 576 (9th Cir. 1988).  Substantial evidence "means such

14 evidence as a reasonable mind might accept as adequate to support

15 a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)

16 (citations omitted).  "[S]uch inferences and conclusions as the

17 [Commissioner] may reasonably draw from the evidence" will also be

18 upheld.  *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965).

19 On review, the Court considers the record as a whole, not just the

20 evidence supporting the decision of the Commissioner.  *Weetman v.*

21 *Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989) (*quoting Kornock v.*

22 *Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

23      It is the role of the trier of fact, not this Court, to

24 resolve conflicts in evidence.  *Richardson,* 402 U.S. at 400.  If

25 evidence supports more than one rational interpretation, the Court

26 may not substitute its judgment for that of the Commissioner.

27 *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579

28 (9th Cir. 1984).  Nevertheless, a decision supported by

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 5 -

substantial evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

### ALJ'S FINDINGS

The ALJ found at step one that plaintiff has not engaged in substantial gainful activity since the application date of May 3, 2006. (Tr. 19.) At step two, ALJ Reed found plaintiff suffers from diabetes mellitus and hypothyroidism, impairments which are severe but do not alone or in combination meet or equal a Listed impairment. (Tr. 19-20.) The ALJ assessed an RFC for less than the full range of medium work and the full range of unskilled light work. (Tr. 20, 48.) At step four the ALJ found plaintiff had no past relevant work. (Tr. 22.) At step five, the ALJ relied on the VE's testimony and found plaintiff could perform work such as a mail clerk, survey worker or cashier. (Tr. 23, referring to Tr. 48.) Accordingly, the ALJ found plaintiff is not disabled as defined by the Social Security Act. (Tr. 23.)

### ISSUES

Plaintiff contends the Commissioner erred as a matter of law because the ALJ improperly discounted her testimony. (Ct. Rec. 15 at 9-12, 18 at 1-3.) The Commissioner responds that the ALJ appropriately weighed plaintiff's credibility and asks the Court

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                              - 6 -

to affirm the decision.  (Ct. Rec. 17 at 6-13.)

**DISCUSSION**

**Credibility**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908.  The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929.  Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms.  *Bunnell v. Sullivan*, 947 F. 2d 341, 345 (9th Cr. 1991).

To aid in weighing the medical evidence, the ALJ evaluated plaintiff's credibility and found her less than fully credible. (Tr. 21.)  Credibility determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition.  *See Webb v. Barnhart*, 433 F. 3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F. 3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific cogent reasons.  *Rashad v. Sullivan*, 903 F. 2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 7 -

medical evidence. *Reddick v. Chater*, 157 F. 3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F. 3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F. 3d at 834; *Dodrill v. Shalala*, 12 F. 3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed plaintiff's credibility: (1) inconsistent statements; (2) claimed degree of impairment is unsupported by the medical record; (3) activities inconsistent with the degree of impairment alleged, and (4) non-compliance with taking prescribed medications. (Tr. 21.)

### Inconsistent statements

The ALJ notes several inconsistencies in plaintiff's statements. (Tr. 21.) She testified she could only stand for about 15 to 30 minutes and "napped up to 9 hours a day." (Tr. 33-36, 54.) On June 14, 2006, just a month after onset, plaintiff stated she was able to work but didn't because she didn't have a job. (Tr. 141.) The ALJ points out that in November of 2007, plaintiff planned to return to school to get her GED "so she could get a job," a statement also inconsistent with the degree of claimed impairment. (Tr. 21, referring to Tr. 297." This reason is clear, convincing, and fully supported by the evidence.

### Complaints unsupported by the record

The ALJ notes "no treating physician has opined that the claimant could not work." (Tr. 21.) Plaintiff testified her doctors say she *can* work and "it would probably be good" for her.

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 8 -

(Tr.44-45.) After reviewing the record, medical expert (ME), Steven Gerber, M.D., opined plaintiff's impairments do not meet or equal a Listed impairment.  He assessed an RFC for medium work limited to avoiding exposure to hazardous and unprotected heights. (Tr. 306-07.)  Nothing in the medical record supports the degree of plaintiff's claimed impairment. This reason by the ALJ is clear, convincing, and fully supported by the evidence.

Daily activities

The ALJ notes plaintiff's activities are inconsistent with the limitations described in her testimony.  She applied for a housecleaning job in early August of 2007. (Tr. 41-42, 293). Plaintiff hurt her finger playing football, also in August of 2007. (Tr. 43, referring to Tr. 282.) The ALJ observes plaintiff has described her post-onset activities as going to the library, cleaning, shopping, cooking, chatting online, reading, listening to music, watching movies, and hanging out with friends.  (Tr. 21, referring in part to Tr. 37-38; Tr. 138, 140-142.) Activities inconsistent with claimed limitations diminish credibility.

Noncompliance with prescribed medication

Plaintiff has not been compliant with taking medications prescribed for diabetes and hypothyroidism, leading the ALJ to conclude:

> If the claimant's condition was not severe
> enough to motivate her to follow her treatment,
> it is difficult to accept her assertion that it
> is disabling.

(Tr. 21, referring to Tr. 34-35, 39, 41, 184-185 (without thyroid medication for a year), 284, 286-287, 292.)  Dr. Gerber noted the records "document substantial non-compliance with prescribed

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                      - 9 -

treatments." (Tr. 307.)

The ALJ is correct. Unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment is an appropriate factor to consider in weighing credibility. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996); *Orn v. Astrue*, 495 F.3d 625, 637-639 (9th Cir. 2007). This reason is clear, convincing and supported by the record.

The ALJ's reasons for finding plaintiff less than fully credible are all clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F. 3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F. 2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

Because the ALJ's credibility assessment is supported by clear, convincing reasons, and the reasons are fully supported by the evidence, his determination is without error.

### CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 10 -

1   supported by substantial evidence..

2       **IT IS ORDERED:**

3       1. Defendant's Motion for Summary Judgment **(Ct. Rec. 16)** is

4   **GRANTED.**

5       2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 14)** is

6   **DENIED.**

7       The District Court Executive is directed to file this Order,

8   provide copies to counsel for Plaintiff and Defendant, enter

9   judgment in favor of Defendant, and **CLOSE** this file.

10      DATED this 28th day of September, 2009.

11                              s/ James P. Hutton

12                          JAMES P. HUTTON
                        UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28